IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv739
[ 3:02cr152-5]

| | |
|---|---|
| O'BRYANT CARISCO HOWIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER GRANTING** |
| ) | **RELIEF UNDER SIMMONS** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the court on petitioner's counseled motion for relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The court has considered the pending motion, conducted an initial screening of the petition under the Rules Governing § 2255Proceedings, Rule 4(b), determined that petitioner stated a pure Simmons claim challenging his two 18 U.S.C. § 922(g) convictions in the criminal case based on a claim that such convictions were predicated on a now non-qualifying North Carolina offense, and directed the government to answer or otherwise respond to that claim.

On December 11, 2012, the government filed its response. It that response, the government agrees with petitioner that he is actually innocent of the 18 U.S.C. § 922(g)(1) conviction he challenges. As to timeliness under 28 U.S.C. § 2255(f), the government has waived the statute of limitations and agrees that this court should vacate petitioner's § 922(g) conviction and reduce his sentence to 153 months. The court fully

1

concurs.

A Section 2255 claim not brought within one year under § 2255(f) is procedurally barred. A petitioner can overcome the procedural bar if he can show a fundamental miscarriage of justice

> [I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.

Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by a defendant's failure timely to file his § 2255 motion. Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828.

In this matter, however, the government has waived the procedural bar. As to whether the government can waive the period of limitation under the AEDPA, one court has noted as follows:

> There is a dearth of case law discussing the question of whether the new limitations bar under AEDPA is jurisdictional, or is an affirmative defense that can be waived. However, the few courts that have addressed the issue have concluded that the one-year statute of limitations **is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, and thus is waived if not raised in opposition to a habeas petition**. *See, e.g., Samuel v. Duncan*, 92 F.3d 1194 (table), 1996 WL 413632, at *1 (9th Cir. July 22, 1996) ("the government has not raised the issue [of the statute of limitations under AEDPA], so we need not consider it because the statute of limitations is not jurisdictional and can be waived"), *cert. denied*, 520 U.S. 1157, 117 S.Ct. 1338, 137 L.Ed.2d 497 (1997); *Andrews v. Johnson*, 976 F.Supp. 527, 529 (N.D.Tex. 1997) (because the Writ of Habeas Corpus is a right grounded in common law, and is not based on a statutory waiver of sovereign immunity, it constitutes an affirmative defense that is waived if not pled). Because Metts's petition is not time barred, it is unnecessary for the court to reach this issue.

Metts v. Miller, 995 F.Supp. 283, 291 (E.D.N.Y. 1997) (emphasis added). By the government

not raising the period of limitation in bar and affirmatively waiving the period of limitation, the court need not reach the § 2255(f) issue and may move forward and consider the allegation and concession of actual innocense as the period of limitation is not jurisdictional.  United States v. Smith, 2007 WL 1217772, *1 (M.D.Pa.  April 24, 2007) ("The one-year period of limitation for filing a § 2255 motion is not jurisdictional ...." ).

While a district court may *sua sponte* consider the timeliness of a §2255 motion, the statute-of-limitations defense remains a non-jurisdictional affirmative defense that the government may waive.  Recognizing that courts *may* sua sponte consider timeliness, the Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n. 11 (2006) (state habeas) that because a statute-of-limitations defense is not jurisdictional, courts are not *obligated* to consider the time bar *sua sponte*; however, where the state intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice.  This court finds that where the federal government intelligently waives its statute of limitations defense, as it has done here, the logic of Day would also direct that a court is not at liberty to disregard that waiver in the context of a §2255 motion.

As the government has waived the procedural bar and conceded that defendant is actually innocent under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) *(en banc)*, and it appearing to the court that defendant is in fact actually innocent of firearm offense(s) inasmuch as his state-court convictions under North Carolina's Structured Sentencing Act are now non-qualifying under Simmons,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) petitioner's Motion to Vacate is **GRANTED** as to the §922(g)(1) conviction, and is otherwise **DENIED** as to all other claims and all other counts of conviction;

(2) the February 10, 2004, "Judgment of Conviction" is **VACATED** and a new Judgment of Conviction is simultaneously entered herewith, retaining therein a conviction on the drug-trafficking offense as well as the sentence thereupon imposed, as such sentence has been amended under Crack I and Crack, for a total period of incarceration of 153 months. All other terms and conditions of such judgment as to the drug trafficking offense shall remain in full force and effect; and

(3) The Clerk of Court is instructed to certify a copy of this Order and the Amended Judgment to the United States Marshal for expedited review by the Bureau of Prisons inasmuch as it appears that petitioner **may** qualify for immediate release based on percentage of time served.

Signed: December 12, 2012

Max O. Cogburn Jr.
United States District Judge